PHILLIP A. TALBERT
United States Attorney
ANTONIO J. PATACA
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:22-CR-00267-JLT-SKO |
|---|---|
| Plaintiff, | PLEA AGREEMENT |
| v. | |
| ANGEL SANCHEZ, Aka "Mouse" | |
| Defendant. | |

## I.   INTRODUCTION

**A.   Scope of Agreement**

The Indictment in this case charges the defendant with the following:

- Count 1: 21 U.S.C. §§ 846, 841(a)(1) - Conspiracy to Distribute and Possess With Intent to Distribute Methamphetamine and Cocaine
- Count 3, 8: 21 U.S.C. § 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2 - Distribution of Methamphetamine and Aiding and Abetting [no quantity charged]
- Counts 6, 11: 21 U.S.C. § 841(a)(1), (b)(1)(B), 18 U.S.C. § 2 – Distribution of Methamphetamine and Aiding and Abetting
- Counts 9, 13, 14, 15, 16: 21 U.S.C. § 841(a)(1), (b)(1)(A), 18 U.S.C. § 2 – Distribution of Methamphetamine and Aiding and Abetting
- Count 17 – 18: 18 U.S.C. §§ 371, 922(a)(1)(A) – Conspiracy to Deal Firearms without a License & Dealing Firearms without a License and Aiding and Abetting

This document contains the complete plea agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant regarding this case. This plea agreement is limited to the United States Attorney's Office for the Eastern District of California and

cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

B.  **Court Not a Party**

The Court is not a party to this plea agreement. Sentencing is a matter solely within the discretion of the Court, and the Court may take into consideration any and all facts and circumstances concerning the criminal activities of defendant, including activities that may not have been charged in the Indictment. The Court is under no obligation to accept any recommendations made by the government, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this plea agreement.

If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw his guilty plea, and he will remain bound to fulfill all of the obligations under this plea agreement. The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence he will receive.

## II.  DEFENDANT'S OBLIGATIONS

A.  **Guilty Plea**

The defendant will plead guilty to Count Fifteen in violation of 21 U.S.C. § 841(a)(1), 18 U.S.C. § 2 – Distribution of Methamphetamine and Aiding and Abetting and Count Eighteen in violation of 18 U.S.C. §§ 922(a)(1)(A), 2 – Dealing Firearms Without a License and Aiding and Abetting. The defendant agrees that he is in fact guilty of these charges and that the facts set forth in the Factual Basis For Plea attached hereto as Exhibit A are accurate.

The defendant agrees that this plea agreement will be filed with the Court and become a part of the record of the case. The defendant understands and agrees that he will not be allowed to withdraw his plea should the Court not follow the government's sentencing recommendations.

The defendant agrees that the statements made by him in signing this Agreement, including the factual admissions set forth in the factual basis, shall be admissible and useable against the defendant by the United States in any subsequent criminal or civil proceedings. The defendant waives any rights under Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, to the extent that these rules are inconsistent with this paragraph or with this Agreement

generally.

The defendant acknowledges that the crime to which he is pleading guilty is listed in 18 U.S.C. § 3143(a)(2), and agrees that he will be remanded into custody upon the entry of his plea.

### B. Sentencing Recommendation

The defendant and his counsel may recommend whatever sentence they deem appropriate.

### C. Special Assessment

The defendant agrees to pay a special assessment of $200 at the time of sentencing by delivering a check or money order payable to the United States District Court to the United States Probation Office immediately before the sentencing hearing. If the defendant is unable to pay the special assessment at the time of sentencing, he agrees to earn the money to pay the assessment, if necessary by participating in the Inmate Financial Responsibility Program.

### D. Defendant's Violation of Plea Agreement or Withdrawal of Plea

If the defendant, violates this plea agreement in any way, withdraws his plea, or tries to withdraw his plea, this plea agreement is voidable at the option of the government. The government will no longer be bound by its representations to the defendant concerning the limits on criminal prosecution and sentencing as set forth herein. One way a defendant violates the plea agreement is to commit any crime or provide any statement or testimony which proves to be knowingly false, misleading, or materially incomplete. Any post-plea conduct by a defendant constituting obstruction of justice will also be a violation of the agreement. The determination whether the defendant has violated the plea agreement shall be decided under a probable cause standard.

If the defendant violates the plea agreement, withdraws his plea, or tries to withdraw his plea, the government shall have the right: (1) to prosecute the defendant on any of the counts to which he pleaded guilty; (2) to reinstate any counts that may be dismissed pursuant to this plea agreement; and (3) to file any new charges that would otherwise be barred by this plea agreement. The defendant shall thereafter be subject to prosecution for any federal criminal violation of which the government has knowledge, including perjury, false statements, and obstruction of justice. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

By signing this plea agreement, the defendant agrees to waive any objections, motions, and

defenses that the defendant might have to the government's decision to exercise the options stated in the previous paragraph. Any prosecutions that are not time-barred by the applicable statute of limitations as of the date of this plea agreement may be commenced in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement of any such prosecutions. The defendant agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment to any counts that were not time-barred as of the date of this plea agreement.

In addition: (1) all statements made by the defendant to the government or other designated law enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal, whether before or after this plea agreement, shall be admissible in evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by the defendant before or after this plea agreement, or any leads derived therefrom, should be suppressed. By signing this plea agreement, the defendant waives any and all rights in the foregoing respects.

### III.     THE GOVERNMENT'S OBLIGATIONS

#### A.     Dismissals

The government agrees to move, at the time of sentencing, to dismiss without prejudice the remaining counts in the pending Indictment. The government also agrees not to reinstate any dismissed count except if this agreement is voided as set forth herein, or as provided in II.E (Defendant's Violation of Plea Agreement), VI.B (Guidelines Calculations), and VII.B (Waiver of Appeal) herein.

#### B.     Recommendations

##### 1.     Incarceration Range

The government will recommend that the defendant be sentenced to the low end of the applicable guideline range for his offense, including the application of the mandatory statutory minimum term, as determined by the Court. The government may recommend whatever it deems appropriate as to all other aspects of sentencing.

2. Supervised Release

The government will recommend that the defendant be sentenced to a term of supervised release of 5 years.

3. Other Aspects of Sentencing

The government may recommend whatever it deems appropriate as to all other aspects of sentencing.

4. Acceptance of Responsibility

The government will recommend a two-level reduction (if the offense level is less than 16) or a three-level reduction (if the offense level reaches 16) in the computation of defendant's offense level if he clearly demonstrates acceptance of responsibility for his conduct as defined in U.S.S.G. § 3E1.1. This includes the defendant meeting with and assisting the probation officer in the preparation of the pre-sentence report, being truthful and candid with the probation officer, and not otherwise engaging in conduct that constitutes obstruction of justice within the meaning of U.S.S.G § 3C1.1, either in the preparation of the pre-sentence report or during the sentencing proceeding.

C. **Use of Information for Sentencing**

The government is free to provide full and accurate information to the Court and the United States Probation Office ("Probation"), including answering any inquiries made by the Court and/or Probation, and rebutting any inaccurate statements or arguments by the defendant, his attorney, Probation, or the Court. The defendant also understands and agrees that nothing in this Plea Agreement bars the government from defending on appeal or collateral review any sentence that the Court may impose.

IV. **ELEMENTS OF THE OFFENSE**

At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offense(s) to which the defendant is pleading guilty:

As to Count Fifteen, Distribution of Methamphetamine and Aiding and Abetting, in violation of 21 U.S.C. §§ 841(a)(1) and 2:

1. That the defendant knowingly distributed methamphetamine;
2. The defendant knew it was methamphetamine or some other controlled substances; and

3. That the offense involved a detectable amount of a mixture and substance containing methamphetamine.

In addition, the government would have to establish beyond a reasonable doubt that the defendant's offense involved 50 grams or more of methamphetamine and 500 grams or more of a mixture and substance containing methamphetamine. For purposes of this agreement, the term "involved in the defendant's offense" refers to the amount of drugs that were: (1) involved in activities actually committed by the defendant; and (2) involved in activities aided and abetted by the defendant.

As to Count Eighteen, Dealing Firearms Without a License and Aiding and Abetting, in violation of 18 U.S.C. § 922(a)(1)(A), 2:

1. That the defendant was willfully engaged in the business of dealing in firearms;
2. The defendant did not then have a license as a firearms dealer.

The defendant fully understands the nature and elements of the crimes charged in the Indictment to which he is pleading guilty, together with the possible defenses thereto, and has discussed them with his attorney.

## V. MAXIMUM SENTENCE

### A. Maximum Penalty

The maximum sentence that the Court can impose on Count Fifteen is a mandatory minimum of ten years of incarceration up to life, a fine of $10,000,000, a mandatory minimum of 5 years of supervised release up to life, and a special assessment of $100. **The charge to which defendant is pleading guilty carries a ten-year mandatory minimum sentence, absent a motion by the government for reduction pursuant to 18 U.S.C. § 3553(e).** The maximum sentence that the Court can impose on Count Eighteen is five years of incarceration, a fine of $250,000, a three year term of supervised release, and a special assessment of $100. In addition, the defendant may be ineligible for certain federal and/or state assistance and/or benefits, pursuant to 21 U.S.C. § 862. By signing this plea agreement, the defendant also agrees that the Court can order the payment of restitution for the full loss caused by the defendant's wrongful conduct. The defendant agrees that the restitution order is not restricted to the amounts alleged in the specific counts to which the defendant is pleading guilty. The defendant further agrees, as noted above, that he will not attempt to discharge in any present or future

bankruptcy proceeding any restitution imposed by the Court.

B. **Violations of Supervised Release**

The defendant understands that if he violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release and require the defendant to serve up to 5 years of additional imprisonment.

## VI. SENTENCING DETERMINATION

A. **Statutory Authority**

The defendant understands that the Court must consult the Federal Sentencing Guidelines and must take them into account when determining a final sentence. The defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines and must take them into account when determining a final sentence. The defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. The defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

B. **Guideline Calculations**

The defendant is free to recommend to the Court whatever sentence he believes is appropriate under 18 U.S.C. § 3553(a).

## VII. WAIVERS

A. **Waiver of Constitutional Rights**

The defendant understands that by pleading guilty he is waiving the following constitutional rights: (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to be assisted at trial by an attorney, who would be appointed if necessary; (d) to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, constitutional challenges to the statutes of conviction, and other pretrial motions that have been filed or could be filed; (e) to subpoena witnesses to testify on his behalf; (f) to confront and cross-examine witnesses against him; and (g) not to be

compelled to incriminate himself.

B. **Waiver of Appeal and Collateral Attack**

The defendant understands that the law gives the defendant a right to appeal his guilty plea, conviction, and sentence. The defendant agrees as part of his plea/pleas, however, to give up the right to appeal any aspect of the guilty plea, conviction, or the sentence imposed in this case. The defendant understands that this waiver includes, but is not limited to, any and all constitutional and/or legal challenges to the defendant's conviction and guilty plea, including arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts attached to this agreement is insufficient to support the defendant's plea of guilty. The defendant specifically gives up the right to appeal any order of restitution the Court may impose.

Notwithstanding the defendant's waiver of appeal, the defendant will retain the right to appeal if one of the following circumstances occurs: (1) the sentence imposed by the District Court exceeds the statutory maximum; and/or (2) the government appeals the sentence in the case. The defendant understands that these circumstances occur infrequently and that in almost all cases this Agreement constitutes a complete waiver of all appellate rights.

In addition, regardless of the sentence the defendant receives, the defendant also gives up any right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence imposed in this case, except for non-waivable claims.

Notwithstanding the agreement in paragraph III.A (Dismissals) above that the government will move to dismiss counts against the defendant, if the defendant ever attempts to vacate his plea, dismiss the underlying charges, or modify or set aside his sentence on any of the counts to which he is pleading guilty, the government shall have the rights set forth in paragraph II.E (Defendant's Violation of Plea Agreement) herein.

VIII. **ENTIRE PLEA AGREEMENT**

Other than this plea agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

### IX. APPROVALS AND SIGNATURES

**A.   Defense Counsel**

I have read this plea agreement and have discussed it fully with my client. The plea agreement accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to plead guilty as set forth in this plea agreement.

Dated: 3/22/2024

PETER JONES
Counsel for Defendant

**B.   Defendant**

I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case. No other promises or inducements have been made to me, other than those contained in this plea agreement. In addition, no one has threatened or forced me in any way to enter into this plea agreement. Finally, I am satisfied with the representation of my attorney in this case.

Dated: 3/22/2024

ANGEL SANCHEZ, Defendant

**C.   Attorney for the United States**

I accept and agree to this plea agreement on behalf of the government.

Dated: 3/22/2024

PHILLIP A. TALBERT
United States Attorney

By: ANTONIO J. PATACA
Assistant United States Attorney

# EXHIBIT A

## Factual Basis for Plea

If this matter proceeded to trial, the United States would establish the following facts beyond a reasonable doubt:

On or about January 31, 2022, defendant Angel SANCHEZ, in the County of Fresno, State and Eastern District of California, did knowingly and intentionally distribute more than 50 grams of actual methamphetamine and more than 500 grams of a mixture or substance containing a detectable amount of methamphetamine.

On January 30, 2022, a confidential source (CS) contacted JC RUIZ and ordered two pounds of methamphetamine for $3,800 to take place the following day. Approximately twenty minutes later, agents intercepted a call between JC RUIZ and his mother, ALMA Sanchez. RUIZ asked Alma SANCHEZ, "can you bring me two tomorrow maybe, at three?" ALMA Sanchez eventually confirmed that she would deliver two pounds of methamphetamine to the deal.

On January 31, 2022, RUIZ, Angel SANCHEZ, and the CS arrived at the predetermined location. A few minutes later, agents observed ALMA exit her car and walk directly to RUIZ's vehicle. ALMA opened the passenger door, leaned in, then walked back to her vehicle. ALMA then returned to RUIZ' car and entered into the back seat. Surveillance observed Angel SANCHEZ exit RUIZ' car and walk over to CS's vehicle. Angel SANCHEZ met with CS and exchanged two pounds of methamphetamine for $3,800 in government funds.

Angel SANCHEZ knew the two pounds of methamphetamine were methamphetamine. Angel SANCHEZ knowingly and intentionally distributed the methamphetamine to the CS and did aid and abet said distribution by delivering the methamphetamine to the CS for RUIZ.

The methamphetamine returned positive for methamphetamine and contained 867grams of actual methamphetamine.

**Relevant Conduct**

On June 16, 2021, SANCHEZ aided and abetted the sale of a pound and a half of methamphetamine to the CS. The methamphetamine returned positive for methamphetamine and contained 662.2 grams of actual methamphetamine.

On May 19, 2022, SANCHEZ aided and abetted the sale of two pounds of methamphetamine to the CS. The methamphetamine returned positive for methamphetamine and contained 857 grams of actual methamphetamine.

**Count Eighteen – Unlawful Dealing in Firearms**

Beginning on a date uncertain, but no later than on or about January 14, 2021, and continuing through on or about May 19, 2022, in Fresno and Kings County, State and Eastern District of California, and elsewhere, SANCHEZ did willfully engage in the business of dealing in firearms without a license, in violation of Title 18, United States Code, Section 922(a)(1)(A).

On January 14, 2021, CS purchased one ounce of methamphetamine and a Raven .25 caliber semi-auto handgun from RUIZ and SANCHEZ.

On January 21, 2021, CS purchased half an ounce of cocaine, a 9 mm Glock style personally manufactured firearm (PMF), and a high-capacity magazine from RUIZ.

On February 2, 2021, CS purchased of two ounces of suspected methamphetamine and a .223 caliber assault rifle from JC RUIZ and Angel SANCHEZ.

On March 3, 2021, CS purchased one ounce of suspected methamphetamine and a .40 caliber Smith and Wesson style semi-automatic handgun with no serial number from JC RUIZ.

On March 10, 2021, RUIZ and SANCHEZ sold the CS a blue-colored AR-15 with a 30-round magazine, a Glock style PMF, and four ounces of methamphetamine for $4,000.

On August 11, RUIZ sold the CS a loaded Beretta PX4 9mm handgun in exchange for $1,200.

On September 24, 2021, RUIZ sold the CS two Glock PMF handguns and a 50-round drum for $2,600.

On December 8, 2021, RUIZ and SANCHEZ sold the CS a Glock PMF 9mm pistol and 8 ounces of methamphetamine for $2,450.

On January 21, 2022, RUIZ and SANCHEZ sold the CS a Smith & Wesson 9mm pistol and a Glock style 9mm PMF for $2,500.

On February 4, 2022, RUIZ and SANCHEZ sold the CS a two-tone Taurus .40 caliber S&W and an AR-15 style short-barreled PMF rifle for $3,300.

On February 17, 2022, RUIZ and SANCHEZ sold the CS two Glock style firearms and ammunition in exchange for $2,300.

The defendant willfully sold the firearms for the purpose of making money. At the time SANCHEZ sold the firearms and aided and abetted the sale of the firearms, he relied on the money he earned from his drug and firearms sale and did so to obtain profits from the sale of firearms. At no time did the defendant have a license to engage in the business of dealing firearms under federal law.

I, ANGEL SANCHEZ, have read the Factual Basis for Plea and agree to the facts and stipulations contained therein.

Dated: 3/22/2024

_____
ANGEL SANCHEZ, Defendant